IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CARSON DARNELL COMBS,

                    Plaintiff,

        v.

DENNIS PEDERSON,

                 Defendant.

OPINION AND ORDER

08-cv-482-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case brought under 42 U.S.C. § 1983, plaintiff Carson Combs is proceeding on a claim that defendant Dennis Pederson violated his Eighth Amendment rights by incarcerating him beyond the date authorized by state law.  The case is before the court on cross motions for summary judgment.

Before addressing the motions for summary judgment, I must address plaintiff's various pending procedural motions.  First, on March 9, he filed a motion to accept his reply brief, dkt. # 31, which was four days late.  I will grant this motion.  Plaintiff filed a subsequent motion to amend his reply brief, dkt. # 34.  He seeks to rename it as "Plaintiff's

---

[1]This case was assigned to Magistrate Judge Crocker.  Because the parties have not consented to his jurisdiction, I am assuming jurisdiction over the case for the purpose of deciding the motions for summary judgment.

1

Reply Brief in Support of Motion for Summary Judgment and Response in Opposition to Defendant's motion for Summary Judgment." I will grant this request as well.

Next, plaintiff moves to strike his own response to defendant's proposed additional findings of fact. Dkt. #32. This motion will be granted and plaintiff's revised response to proposed findings of fact, dkt. #33, will replace his response to defendant's proposed additional findings of fact. Dkt. #30.

Finally, plaintiff has filed a motion for leave to file a sur-reply brief to defendant's motion for summary judgment. Dkt. #39. This motion will not be granted. Plaintiff has had more than a sufficient opportunity to present his arguments to the court.

I turn now to the merits of the parties' motions for summary judgment. I find that plaintiff has failed to adduce sufficient evidence to raise a triable issue on his contention that defendant Pederson violated his Eighth Amendment rights by unlawfully incarcerating him. Therefore, I will grant defendant's motion for summary judgment and deny plaintiff's motion for summary judgment.

From the facts proposed by the parties, I find the following facts to be undisputed.


### UNDISPUTED FACTS

Plaintiff Carson Darnell Combs resides in Union Grove, Wisconsin. Defendant Dennis Pederson is the sheriff of Monroe County, Wisconsin. Since Pederson has been the

sheriff of Monroe County, the sheriff's department has maintained an inmate register that is monitored and updated daily.

On April 30, 2004, in the Circuit Court for Monroe County, plaintiff was convicted of two misdemeanors, criminal trespass to dwelling and bail jumping (case no. 03-CF-284). Judge Steven Abbott withheld sentencing and placed plaintiff on two concurrent two-year probation terms. As a condition of probation, plaintiff was to pay Monroe County for attorney fees and the Department of Corrections for supervision fees. The state court of appeals affirmed plaintiff's conviction for criminal trespass.

On February 8, 2006, pursuant to a stipulation, Judge Kent C. Houck extended plaintiff's probation for one year, to April 30, 2007, because of his unpaid court-ordered financial obligation of $5,865.

On February 7, 2007, plaintiff's probation agent, Laurie Voigt, wrote to Judge Abbott, asking the court to conduct a judicial review of plaintiff's probation and impose a jail sanction on plaintiff because he had violated his probation by entering a bar, failing to report to his agent, absconding and failing to pay his financial obligations. She recommended that he be incarcerated until the discharge date of his supervision, April 30, 2007.

On February 19, 2007, Judge Abbott held the judicial review of plaintiff's case. After noting that plaintiff's probation was to end on April 30, 2007, the judge stated that he was not revoking plaintiff's probation but sentencing him to 60 days in the Monroe County jail

3

from February 19, 2007 through April 16, 2007 and entering a civil judgment against him for $5690.11. He added that after plaintiff served the jail sentence he would still have a couple of days of probation left to serve. The judge explained that he was ordering the 60-day jail time because plaintiff had failed to comply with the terms of his probation and had failed to reimburse the county for the fees for his court-appointed lawyer. Judge Abbott entered an amended judgment of conviction reflecting his oral sentence.

When plaintiff was taken into custody by the defendant Pederson on February 19, 2007, the jail register indicated that plaintiff was incarcerated pursuant to a court order. On February 27, 2007, probation agent Voigt visited him at the jail and told him he would not have to report to her upon his release from jail.

On March 31, 2007 plaintiff wrote to jailer Stuart Drinkwine advising him that he believed his release date was April 16, 2007. Drinkwine agreed.

On April 3, 2007, in response to plaintiff's request for jail credit toward his 60-day sentence, Judge Abbott stated that plaintiff was not entitled to credit because his probation had not been revoked. The judge stated that he had sentenced plaintiff after judicial review.

On April 5, 2007, Voigt wrote plaintiff, telling him that his probation was terminated as of February 21, 2007. Neither Voigt nor plaintiff informed defendant Pederson that plaintiff had been discharged from probation. Plaintiff never complained that his confinement was excessive.

4

While plaintiff was incarcerated in the Monroe County jail, a criminal complaint was filed against him (Case No. 07-CF-080) for an incident that occurred on February 21, 2007. At the end of his 60-day jail sentence, on April 16, 2007, plaintiff was released from jail after posting a cash bond in the new criminal case.

On August 15, 2007, Judge Michael J. McAlpine held a hearing on plaintiff's motion for jail credit on his sentence in case no. 07-CF-80 for the time he served in the Monroe County jail from February 21, 2007 to April 16, 2007. Judge McAlpine credited plaintiff with this time because he concluded that plaintiff's probation had been terminated on February 21, 2007. On October 11, 2007, Assistant District Attorney Kathryn D. Schmidt wrote Judge McAlpine to say that the Department of Corrections had terminated plaintiff's probation in his previous case. Plaintiff filed a motion to vacate his criminal conviction. On November 27, 2007, Judge McAlpine denied plaintiff's motion to vacate his criminal conviction.

Plaintiff sued Voigt and David Helgerson in the Circuit Court for Dane County for violating his constitutional rights by improperly holding him in jail after his discharge date on February 21, 2007. In a decision dated August 5, 2008, Judge William Foust dismissed plaintiff's complaint. Judge Foust concluded that plaintiff was properly housed in the Monroe County jail between February 21, 2007 and April 20, 2007.

5

OPINION

Plaintiff's claim is that defendant Pederson disregarded a substantial risk that plaintiff was being held illegally.  Campbell v. Peters, 256 F.3d 695, 700-01 (7th Cir. 2001).  I conclude that plaintiff cannot prove this claim.  Plaintiff has not come forward with any evidence that defendant was deliberately indifferent to a risk that plaintiff was in custody unlawfully.  To prove that defendant Pederson violated his Eighth Amendment rights, plaintiff would have to show that defendant consciously disregarded a substantial risk that plaintiff was being unlawfully confined.  Farmer v. Brennan, 511 U.S. 825, 842 (1994).

It is undisputed that defendant incarcerated plaintiff on February 19, 2009 pursuant to a court order requiring that plaintiff be incarcerated for 60 days.  No one told defendant Pederson that plaintiff's probation had been terminated or that the order under which plaintiff was incarcerated was not valid.

Plaintiff argues that defendant Pederson should have known that plaintiff's probation had been terminated.  Specifically, he argues that defendant should have had a procedure to contact the Department of Corrections to verify the commitment status of Department of Corrections detainees.   In this case, however, plaintiff was not a Department of Corrections detainee.  He was incarcerated under a court order.  Therefore, defendant had no duty to contact the Department of Corrections; what's more, there would have been no point in doing so.

6

Under a deliberate indifference standard, it is not enough to show that plaintiff *should have known* that plaintiff was being confined illegally.  Estate of Novack ex rel. Turbin v. County of Wood, 226 F. 3d 625, 529 (7th Cir. 2000).   To show that Pederson was deliberately indifferent, plaintiff would have to show that he knowingly disregarded a substantial risk of harm.  It is undisputed that he did not.  Therefore, he cannot be held liable under the Constitution for failing to release plaintiff.

Although plaintiff has failed to show that defendant Pederson was liable in any respect for plaintiff's allegedly unlawful incarceration, I will take up his argument that he was unlawfully incarcerated in Monroe County jail after his probation was terminated, if only to make it clear to him that the incarceration was lawful.  As defendant argues, plaintiff was incarcerated pursuant to a valid court order entered on February 19, 2007, making it irrelevant whether his probation was terminated.  It is undisputed that the order states that the court is sentencing plaintiff to sixty days in the Monroe County jail.  Defendant argues that this sentence was ordered as a condition of plaintiff's probation.  However, it appears from the court records in the Circuit Court for Monroe County in case no. 03-CF-384 that on February 19, 2007, Judge Abbott amended the original judgment of conviction to impose a 60-day sentence in Monroe County jail.  Nothing in the order indicates that the sentence was a condition of plaintiff's probation.  Rather, the amended judgment suggests that it was a sentence that Judge Abbott had previously withheld.

7

Even if I concluded that plaintiff had been incarcerated as a condition of probation, his chances of showing that he was unlawfully incarcerated would not improve, because he has already litigated this issue in the Circuit Court for Dane County.  He lost the case when Judge Foust found no error in plaintiff's detention in the Monroe County jail between February 21, 2007 and April 20, 2007.

The preclusive effect of a state judicial decision depends upon state rather than federal law.  U.S. Gypsum Co. v. Indiana Gas Co., 359 F. 3d 623, 628 (7th Cir. 2003).  Under Wisconsin law, the doctrine of issue preclusion prohibits a party from re-litigating an identical issue of law or fact that was previously resolved in a prior litigation.  Mrozek v. Intra Financial Corp., 281 Wis. 2d 448, 463, 699 N.W.2d 54 (2005).  To determine whether the application of issue preclusion would be fundamentally fair, the court is to consider the following factors: (1) whether the party against whom preclusion is sought could have obtained review of the judgment; (2) whether the question is one of law that involves two distinct claims or intervening contextual shifts in the law; (3) whether there are apt to be significant differences in the quality or extensiveness of the two proceedings such that relitigation of the issue is warranted; (4) whether the burden of persuasion has shifted such that the party seeking preclusion had a lower burden of persuasion in the first trial than in the second; and (5) whether matters of public policy or individual circumstances would render the application of issue preclusion fundamentally unfair, including whether the party

8

against whom preclusion is sought had an inadequate opportunity or incentive to obtain a full and fair adjudication on the issue in the initial litigation.  Id. at 464, 699 N.W.2d at 61-62.

Plaintiff sued his probation officer and her supervisor in the Circuit Court for Dane County for having him incarcerated unlawfully in the Monroe County jail after his probation was discharged on February 21, 2007.  The state court found expressly that the Department of Corrections had no authority under DOC § 328.17(3)(a)2 to terminate plaintiff's probation on February 21, 2007 because he had not met the conditions of his probation. The court concluded that plaintiff's incarceration in the Monroe County jail from February 21,2007 to April 20, 2007 was lawful.

The factors identified in Mrozek support a conclusion that the circuit court's determination precludes plaintiff from relitigating the validity of his confinement.  Plaintiff could have obtained review of the state court judgment; the context of the legal issue was the same in the prior case as in this case; there is no difference in the quality or the extensiveness of the two proceedings; the burden of persuasion has not changed; and plaintiff's incentives in both cases were the same, to win a money judgment.  Thus, it would not be unfair to deny plaintiff a second opportunity to raise the same issue.

Plaintiff agrees that issue preclusion applies in this case, but he says preclusive effect should be given to Judge McAlpine's comment in case no. 07-CF-80 that plaintiff's

9

probation in case no. 03–CF–284 was terminated on February 21, 2007.  Plaintiff is wrong. The judge made his comment in deciding to grant plaintiff's request for jail credit in another case.  The issue that Judge McAlpine decided was not whether it was lawful to hold plaintiff after February 21, 2007, but rather whether plaintiff was entitled to jail credit for that time on another sentence.  Because the issue Judge McAlpine decided was a different issue, his decision has no preclusive effect in this case.

ORDER

IT IS ORDERED that:

1.  Plaintiff Carson Darnell Combs's motions to accept his untimely reply brief , dkt. # 31, to amend his reply brief, dkt. # 34, and his motion to strike his own response to defendant's proposed additional findings of facts, dkt. #32, are GRANTED.

2.  Plaintiff's motion for leave to file a sur-reply brief to defendant's motion for summary judgment, dkt. #39, is DENIED.

3.  Plaintiff's motion for summary judgment, dkt. #11,  is DENIED.

4.   Defendant Dennis Pederson's motion for summary judgment, dkt. #15,  is GRANTED.  The clerk of court is directed to enter judgment in favor of defendant and close

10

this case.

Entered this 10th day of April, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge