IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CARSON DARNELL COMBS,

                                                                                                   ORDER

                      Plaintiff,

                                                                                                 08-cv-482-slc

     v.

DENNIS PEDERSON,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this lawsuit brought under 42 U.S.C. § 1983, plaintiff Carson Combs contended that defendant Dennis Pederson violated his Eighth Amendment rights by incarcerating him beyond the date authorized by state law. On April 10, 2009, I granted defendant's motion for summary judgment, denied plaintiff's motion for summary judgment, entered judgment in defendant's favor and closed the case. Now before the court is plaintiff's motion for reconsideration. Dkt. # 50. Because plaintiff is challenging this court's legal conclusions, I am construing his motion as a motion to alter or amend the judgment brought under Fed. R. Civ. P. 59(e). Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000)(purpose of Rule 59 motion is to point out manifest error of law).

       Motions under Rule 59 must be filed within ten days of the entry of judgment. Fed. R. Civ. P. 59(e). In calculating the 10-day period, weekend and holidays are not counted.

1

A litigant's failure to meet the time limits of Rule 59 forecloses him from raising in the district court his assertions that errors of law have been made. <u>United States v. Griffin</u>, 782 F.2d l393 (7th Cir. l986). The court cannot extend the time for filing a Rule 59 motion. Fed. R. Civ. P. 6(b)(2). Because plaintiff's motion was filed on April 28, 2009, more than 10 days after entry of judgment, it was not timely. Therefore, I must deny it.

Even had plaintiff's motion been timely, it would have been denied, because plaintiff does nothing more in his motion but re-argue the merits of the case. I considered and rejected these arguments in the April 10 opinion and order. He does not raise any new arguments showing that I erred in granting defendant's motion for summary judgment.


ORDER

IT IS ORDERED that plaintiff's motion for reconsideration, dkt. # 50, is construed as a Rule 59(e) motion and DENIED as untimely.

Entered this 1st day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

2